**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JOSE WILVER GARCIA MENDOZA,**<br><br>Plaintiff,<br><br>vs.<br><br>**GIMAR CONSTRUCTION, INC., DANIELA SANDI, Individually, and JORGE L. GIRATA MARTINEZ, Individually,**<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff JOSE WILVER GARCIA MENDOZA ("Garcia Mendoza" or "Plaintiff") brings this Complaint against Defendants, GIMAR CONSTRUCTION, INC., and all other affiliated entities and/or joint employers ("Gimar" or "Corporate Defendant") DANIELA SANDI , Individually ("Sandi") and JORGE L. GIRATA MARTINEZ, Individually ("Girata Martinez") (collectively "Defendants") and alleges as follows:

## <u>INTRODUCTION</u>

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq. the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 et. seq. ("NJWPL").
2. Beginning in approximately -July 2023, Defendants engaged in a policy and practice of requiring Plaintiff to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by applicable federal and New Jersey state law.
3. The Plaintiff has initiated this action to recover overtime compensation that Plaintiff was deprived of, liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

5. This Court has subject matter jurisdiction over Plaintiff's NJWHL and NJWPL claims pursuant to 28 U.S.C. §§ 1332 and 1367.

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. At all times material hereto, Plaintiff performed window and door installation duties for the Defendants from various jobsites in New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

8. At all times pertinent to this Complaint, the corporate Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendants' business purchases goods and materials from vendors in New Jersey as well as from other states throughout the country and further moves goods and materials through other states in the country. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., its employees handle goods or materials that have been moved or produced in interstate commerce and further move such goods through interstate commerce channels. Thus, Plaintiff and those similarly situated employees fall within the protections of the Act.

## PARTIES

**Plaintiff**

9. Plaintiff Garcia Mendoza is an adult individual who is a resident of North Plainfield, New Jersey.

10. Plaintiff Garcia Mendoza was employed by Defendants beginning in approximately mid -July 2023, and continued through in or about early February 2024, installing doors and windows in furtherance of Defendants' construction business.

**Corporate Defendant**

11. Gimar is a New Jersey limited liability company, with its business address listed as 121 Miller Street, Elizabeth, New Jersey, 07201.

12. Upon information and belief, at all times relevant to this Complaint, the Defendants employ individuals to perform construction material hauling as well as construction labor and services on behalf of Defendants.

**Individual Defendants**

13. Upon information and belief, the individual Defendant Sandi is a New Jersey state resident.

14. Upon information and belief, at all times relevant to this Complaint, Sandi has been an owner, partner, officer and/or manager of the Defendant Gimar.

15. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Sandi has had power over personnel decisions at the Gimar's business.

16. The individual Defendant Sandi was regularly present at Defendants' business location and managed the day-to-day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

17. Upon information and belief, the individual Defendant Girata Martinez is a New Jersey state resident.

18. Upon information and belief, at all times relevant to this Complaint, Girata Martinez has been an owner, partner, officer and/or manager of the Defendant Gimar.

19. Upon information and belief, at all times relevant to this Complaint, the individual Defendant Girata Martinez has had power over personnel decisions at the Gimar's business.

20. The individual Defendant Girata Martinez was regularly present at Defendants' business location and managed the day-to-day operations, controlled the employee pay practices, and had the power to change same, as well as the power to hire and fire employees, set their wages, and otherwise control the terms of their employment.

21. Upon information and belief, at all times relevant to this Complaint, the Defendants' annual gross volume of sales made or business done was not less than $500,000.00.

22. At all times relevant to this Complaint, the Defendants were and are employers engaged in commerce under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

**FACTS**

23. Based upon the information preliminarily available, and subject to discovery, beginning from in or about mid -July 2023, and continuing until approximately early February, 2024, Defendants employed Plaintiff in furtherance of their construction labor and construction hauling business.

24. Based upon the information preliminarily available, and subject to discovery, Defendants did not properly compensate Plaintiff.

25. Defendants refused to pay Plaintiff overtime compensation at the statutorily required rate of pay for the hours that he worked in a work week in excess of forty (40) hours.

26. Plaintiff Garcia Mendoza generally worked five (5) to six (6) days per week.

27. Plaintiff Garcia Mendoza generally worked conservatively eleven (11) hours per workday and conservatively fifty five (55) to sixty six (66) hours per week.

28. Regardless of the number of hours that Plaintiff worked each week in excess of forty (40), Defendants improperly paid Plaintiff a daily rate of pay of approximately $160.00 per day.

29. At all times material hereto, Plaintiff was performing his duties for the benefit of and on behalf of Defendants.

30. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NJWHL and the NJWPL, in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff compensation to which he was lawfully entitled for his time worked in excess of forty (40) hours within a work week.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE FLSA

31. Plaintiff re-alleges, and incorporates here by reference, all allegations contained above.

32. Plaintiff is entitled to compensation for his improperly paid overtime, time worked in excess of forty (40) hours per week.

33. Defendants knowingly and willfully failed to pay Plaintiff at time and one half his hourly rate of pay for his overtime worked.

34. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

36. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE NJWHL**

37. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the Paragraphs above.

38. Defendants' aforementioned conduct is in violation of the NJWHL. In violation of New Jersey Statutes §§ 34:11-56a4 *et seq*., the Defendants willfully failed to pay the Plaintiff his statutorily required overtime compensation for the time he worked in excess of forty (40) hours a week for the Defendants.

39. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

**COUNT III**
**RECOVERY OF COMPENSATION**
**PURSUANT TO THE NJWPL**

40. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

41. Defendants' aforementioned conduct is in violation of New Jersey State Wage Payment Law, N.J.S.A. 34:11- 4.1, et seq., in that the Defendants willfully failed to properly pay Plaintiff for all time worked in excess of forty (40) hours.

42. As a direct and proximate cause of Defendants' actions, Plaintiff suffered damages, including but not limited to past lost earnings.

43. As a result of Defendants' violations, Plaintiff is entitled to liquidated damages as directed pursuant to the NJWPL.

**JURY TRIAL**

44. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, seeks the following relief:

(1) on his first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs;

(2) on his second cause of action, against Defendants in an amount to be determined at trial, unpaid wages, plus liquidated damages interest, attorneys' fees and costs as permitted under the NJWHL.

(3) on his third cause of action, against Defendants in an amount to be determined at trial, unpaid wages, plus liquidated damages interest, attorneys' fees and costs as permitted under the NJWPL.

Dated: September 2, 2026

Respectfully submitted,

/s/ Andrew Glenn
Andrew Glenn, Esq.
E-mail: aglenn@jaffeglenn.com
Jodi J. Jaffe, Esq.
Email: jjaffe@jaffeglenn.com
300 Carnegie Center, Suite 150
Princeton, New Jersey 08540
Tel: (201) 687-9977
Fax: (201) 595-0308